UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BRUCE ERIKSON** | : | Case No. 1:23-cv-66 |
| 432 E. Warren St. | : | |
| Lebanon, OH 45036 | : | Judge |
| | : | |
|            **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **XAVIER UNIVERSITY** | : | |
| c/o Rebecca L. Cull, Esq. | : | |
| 3800 Victory Parkway, ML 4551 | : | |
| Cincinnati, OH 45207 | : | |
| | : | |
| and | : | |
| | : | |
| **EVA MARIE WITT** | : | |
| 4242 Fergus St., Apt. 3 | : | |
| Cincinnati, OH 45223 | : | |
| | : | |
| and | : | |
| | : | |
| **KELLY PHELPS** | : | |
| 6371 Millbank Dr. | : | |
| Centerville, OH 45459 | : | |
| | : | |
| | : | |
|            **Defendants.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

      Plaintiff Bruce Erikson, for his Complaint against Defendants Xavier University, Eva Marie Witt, and Kelly Phelps states as follows:

**I. PRELIMINARY STATEMENT**

      1.    This civil action arises out of Xavier University's unlawful decision to terminate Bruce Erikson's employment as a tenured professor. Specifically, Erikson alleges that following defamatory statement(s) made by former Eva Marie Witt and

Professor Kelly Phelps, Xavier University breached the terms of Erikson's employment contract and discriminated against him on the basis of sex by dismissing him from the faculty. Xavier University also invaded Erikson's privacy by publicly disclosing private facts regarding the defamatory allegations to other faculty members. Erikson's claims arise under Ohio common law, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*

2. Erikson seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for his economic injuries, compensatory damages for his non-economic injuries, equitable relief in the form of reinstatement or front pay, and punitive damages. Erikson also seeks payment of his reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

3. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law: Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue with this Court is appropriate because the acts out of which these claims arose occurred in the Southern District of Ohio.

## III. ADMINISTRATIVE HISTORY

4. On or about November 3, 2022, Erikson filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that Xavier University discriminated against him on account of his gender (Charge No. 473-2023-00272). The EEOC issued a Dismissal and Notice of Rights on November 21, 2022.

5. Erikson has timely filed this action within ninety days of receiving the Dismissal and Notice of Rights.

## IV. PARTIES

6. Plaintiff Bruce Erikson is a United States citizen and a resident of Warren County, Ohio. Erikson was employed as a tenured Associate Professor of Art at Xavier University until his termination in October 2022.

7. Defendant Xavier University is a private university located in Cincinnati, Ohio, that receives federal financial assistance from the United States government.

8. Defendant Eva Marie Witt is a United States citizen and a resident of Ohio. Witt is a former student at Xavier University but had no relationship with the university at any time relevant to the events underlying this Complaint.

9. Defendant Kelly Phelps is a United States citizen and a resident of Ohio. Phelps is a professor at Xavier University who chaired the Department of Art from 2012-2019.

## V. STATEMENT OF THE CASE

10. In 2006, Xavier University hired Erikson to serve as a faculty member assigned to the Art Department, pursuant to a series of express written employment agreements incorporating the terms and conditions specified in the Facility Handbook inclusive of the policies contained in the University's Harassment Code and Accountability Procedures (HCAP), copies of which are marked exhibits A, B, and C, respectively, attached hereto and incorporated herein by reference.

11. In or about May 2012, Erikson applied for and received a promotion to the rank to associate professor with tenure. As such Erikson could only be dismissed from his employment and professorship at Xavier for just cause.

3

12. During the latter half of 2019, Erikson began speaking with a former student, Defendant Eva Marie Witt. Witt had graduated from Xavier in 2013, was not a Xavier employee, and had no other relationship with the university. The two communicated over the course of several months and met socially on several occasions.

13. In late December 2019, Witt asked Erikson if she could come to his house and spend the night. Shortly after doing so, she again suggested to Erikson that she spend the night at his residents on December 31, 2019 (New Year's Eve). That night Erikson and Witt engaged in consensual sex. At no time then, or in the months or two years following their sexual activity, did Witt suggest or claim to Erikson that their sexual relations that evening had been non-consensual or that it was otherwise problematic. Although the two communicated with each other in January 2020, the relationship ultimately dissolved, and they stopped seeing each other entirely shortly thereafter.

14. On February 5, 2022—more than two years after their sexual activity, Witt contacted Phelps, another faculty member in Xavier's Art Department. She informed Phelps that she believed Erikson had raped her. In response, Phelps urged Witt to report the allegation but warned her that Erikson is "white, and male, got privilege on his side." Phelps further stated that "I knew he has preyed on young women all along" and informed Witt that "not this situation but others have come out and said similar things" "but always late" "when nothing can be done" "not reported" "no proof etc.".

15. On February 24, 2022, Erikson received notification from Xavier's Title IX office informing him that Witt had filed a formal complaint alleging that he had violated Xavier's policy by raping her on the evening of December 31, 2022. The notice further informed Erikson that he was being investigated for violating Xavier's Harassment Code and Accountability Procedures ("HCAP") Section 4.2.2.5 Interpersonal Violence-Rape.

16. Erikson vehemently denied Witt's false allegation. Because no criminal charges were ever filed, the matter was never investigated by any law enforcement agency and Erikson did not have an opportunity to challenge Witt's false allegation(s) in court or any other legal venue.

17. In addition to denying Witt's allegations, Erikson pointed out that Xavier's investigation breached the terms of its own HCAP policy because: (1) at the time of the alleged incident, Witt was not a student or an employee, nor did she have any other relationship with Xavier; (2) the alleged incident did not occur on Xavier property or during an event associated with the University; (3) Witt was not a "visitor" to Xavier at the time of the alleged incident; and (4) in any event, the alleged incident occurred outside the HCAP's two-year statute of limitations for filing complaints. Despite these procedural irregularities, Xavier knowingly disregarded its own policies and proceeded with the investigation.

18. On April 14, 2022—during the pendency of the investigation—Xavier informed Erikson that if he wished to participate as faculty in two upcoming study abroad trips, the University would inform all faculty members traveling with him that: (1) there was a pending Interpersonal Violence investigation and complaint resolution process "so that they have heightened awareness of your interactions with students"; (2) Erikson is not permitted in student housing; (3) Erikson is not permitted to consume alcohol in the presence of students; and (4) Erikson must avoid one-on-one time with students to the greatest extent possible. Erikson objected to the disclosure of this private fact, not only because the university lacked authority under its contractual agreement with Erikson to prosecute such charges against him but also because Xavier disclosed Witt's false rape allegation and the pendency of the disciplinary proceedings against Erikson to the other

faculty members traveling with him on the study-abroad trips. This disclosure was itself a discrete violation of HCAP policy requiring confidentiality of Witt's charge and the disciplinary proceedings against Erikson.

19. On June 27, 2022, Xavier informed Erikson that it would hold a formal hearing to resolve Witt's allegation. It further informed Erikson that the University would not require Witt to provide any of her medical records for the hearing board's consideration, notwithstanding Erikson's request that they do so in light of the fact that she revealed during the course of the investigation into her charge that she had suffered past sexual abuse/trauma and had recently been hospitalized for mental health concerns.

20. Xavier held an HCAP hearing on July 22, 2022, and July 25, 2022, before a hearing panel selected by the university. In the course of the hearing, the panel (1) embarked on a moral tirade against Erikson for, as a male, having sexual intercourse without using a condom; (2) required Erikson and his counsel to refer to Witt using gender-free pronouns; (3) violated HCAP rules by permitting witnesses to make vague references to alleged misconduct by Erikson outside the scope of Witt's complaint; (4) permitted witnesses to provide hearsay testimony about events and occurrences about which they had no personal knowledge or evidence to support said allegations; and (5) ignored testimony that Witt had consented to the sexual activity.

21. On July 22, 2022, the hearing panel issued a written decision finding that Erikson was responsible for raping Witt and recommended terminating his employment from the University and attributing the rape to an "imbalance of power" between Witt and Erikson stemming from the fact that Erikson is a male whose position in life and at the University seemingly granted him status and power which allowed him to overwhelm Witt's ability to resist his actions. In accordance with HCAP procedures, Erikson filed an

appeal of the decision to the President of Xavier, Colleen Hyncz, citing the numerous procedural irregularities and gender discrimination that had permeated the investigation and hearing concerning Witt's false allegations of rape.

22. However, prior to entertaining Erikson's appeal, which under the HCAP was limited to a consideration of the hearing record of the disciplinary proceedings, President Hyncz was provided a recommendation from Rachel Chrastil, Provost and Chief Academic Officer at Xavier, that Erikson should be terminated because his continued employment and presence at the university posed a "grave concern." As a result, the appeal was determined by consideration of factors outside the hearing record and as such violated the due process consideration inherent in the HCAP and employment agreement between Erikson and Xavier.

23. As a direct and proximate result of the actions and/or omissions of Defendants, Erikson has suffered and will continue to suffer loss of pay and benefits, emotional pain and suffering, and injury to his personal and professional reputations.

## Count 1
## DEFAMATION (Eva Marie Witt)

24. Plaintiff incorporates by reference paragraphs 1 through 20 as if fully rewritten herein.

25. Defendant Eva Marie Witt's allegation that Erikson raped her was a false statement of fact that she negligently, recklessly, and/or maliciously communicated to numerous people both within and outside Xavier University.

26. Defendant Eva Marie Witt's false statement that Erikson raped her constitutes defamation per se and also resulted in special harm to Erikson including termination of his employment and injury to his personal and professional reputation.

7

## Count 2
### DEFAMATION (Kelly Phelps)

27. Plaintiff incorporates paragraphs 1 through 24 as if fully rewritten herein.

28. Defendant Kelly Phelps's statement (referring to Erikson) that "I knew he has preyed on young women all along" and stated that other people have made similar allegations against Erikson was a false statement of fact that he negligently, recklessly, and/or maliciously communicated to one or more persons.

29. Defendant Kelly Phelps' false statements constitute defamation per se and also resulted in special harm to Erikson including termination of his employment and injury to his personal and professional reputation.

## Count 3
### TITLE IX DISCRIMINATION (Xavier University)

30. Plaintiff incorporates paragraphs 1-27 as if fully rewritten herein.

31. Xavier's actions and/or omissions surrounding the investigation and hearing of Witt's false allegations of rape, including numerous procedural irregularities, were attributable to gender bias in violation of Title IX.

32. Xavier's finding that Erikson was responsible for raping Witt and its decision to terminate his employment constituted an erroneous outcome caused by procedural irregularities by and the unlawful actions of Xavier motivated by consideration of Erikson's gender in violation of Title IX.

33. As a direct and proximate result of Xavier's actions and/or omissions, Erikson has suffered a loss of pay and benefits at Xavier, injury to his personal and professional reputation, and emotional distress.

## Count 3
### TITLE VII DISCRIMINATION (Xavier University)

34. Plaintiff incorporates paragraphs 1-31 as if fully rewritten herein.

35. Xavier University's actions and/or omissions surrounding the investigation and hearing of Witt's false allegations of rape, including the decision to terminate Erikson's employment, constitute gender discrimination in violation of Title VII.

36. As a direct and proximate result of Xavier's actions and/or omissions, Erikson has suffered loss of pay and benefits at Xavier, injury to his personal and professional reputation, and emotional distress.

## Count 4
## BREACH OF CONTRACT (Xavier University)

37. Plaintiff incorporates paragraphs 1-34 as if fully rewritten herein.

38. The aforementioned acts and/or omissions of Xavier University breached: (1) the terms of the University's Harassment Code and Accountability Procedures, which was incorporated in the employment contract between the University and Erikson; and (2) the terms of the Faculty Handbook which guaranteed that the terms and conditions of his employment at Xavier would not be subject to gender discrimination; (3) and that by reason of Erikson's status as a tenured professor, his employment at Xavier could not be terminated in the absence of just cause.

39. Xavier University's breach of the terms of the HCHP and Faculty Handbook proximately caused damages to Erikson in the form of lost salary and benefits as a faculty member at the university.

## Count 5
## PUBLIC DISCLOSURE OF PRIVATE FACTS (Xavier University)

40. Plaintiff incorporates paragraphs 1-37s as if fully rewritten herein.

41. Xavier's intentional disclosure to other faculty members of Witt's rape allegations against Erikson was a public disclosure of facts concerning his private life that

would be highly offensive and objectionable to a reasonable person of ordinary sensibilities and was not of legitimate concern to the public.

42. Xavier's public disclosure of private facts proximately caused damage to Erikson including emotional harm, injury to his personal and professional reputation, and financial harm.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, Bruce Erikson, demands judgment against Defendants Xavier University, Eva Marie Witt, and Kelly Phelps, as follows:

a. judgment for equitable and injunctive relief directing Xavier, its officials employees, and assigns to reinstate Erikson to his position as Associate Professor of Art at the university with the pay, benefits, and promotional opportunities he would have received had he not been improperly, unlawfully, and discriminatorily dismissed from his position; or, in the alternative, that he be awarded front pay in an appropriate amount to compensate him for his injuries;

b. A judgment against Xavier, Witt, and Phelps, as appropriate and in accordance with each defendant's individual liability, in an amount to be determined at trial;

c. A judgment for punitive damages against Xavier, Witt, and Phelps as, appropriate and in accordance with each defendant's individual liability, in an amount to be determined at trial;

d. A judgment for an award of Erikson's reasonable attorney fees and costs in prosecuting this matter;

e. A judgment for such other relief in law or in equity that is appropriate under the premises.

10

Respectfully submitted,

MEZIBOV BUTLER

/s/Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)
Susan L. Butler (OH No. 0082811)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 51.3621.8833
mmezibov@mezibov.com
sbutler@mezibov.com

*Attorneys for Plaintiff Bruce Erikson*

## JURY DEMAND

Plaintiff Bruce Erikson demands a jury trial to resolve all issues of fact related to his Complaint.

/s/Marc D. Mezibov
Marc D. Mezibov (OH No. 0019316)