UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE ERIKSON, | : | Case No. 1:23-CV-00066-MWM |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| XAVIER UNIVERSITY, et al., | : | JOINT DISCOVERY PLAN |
| | : | PURSUANT TO FED. R. CIV. P. 26(f) |
| Defendants. | : | |

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on June 13, 2024.

**A. MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☑ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B. RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

 ☑ The parties will exchange such disclosures by <u>July 30, 2024</u>.

 ☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE:** Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.** **<u>DISCOVERY ISSUES AND DATES</u>**

 **1.** Discovery will need to be conducted on the issues of

<u>Liability, damages, and defenses.</u>

 **2.** The parties recommend that discovery

  ☑ need not be bifurcated.

  ☐ Should be bifurcated between liability and damages.

  ☐ Should be bifurcated between factual and expert.

  ☐ Should be limited to or focused upon issues relating to _____.

 **3.** Disclosure and report of Plaintiff(s) expert(s) by <u>November 1, 2024</u>.

 **4.** Disclosure and report by Defendant(s) expert(s) by <u>December 20, 2024</u>.

 **5.** Disclosure and report of rebuttal expert(s) by <u>January 21, 2024</u>.

 **6.** Disclosure of non-expert (fact) witnesses by <u>August 30, 2024</u>.

 **7.** Discovery cut-off <u>February 28, 2025</u>.

 **8.** Anticipated discovery problems

  ☐ _____

☑  None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

    <u>Discovery is to be sought via written discovery and depositions, on the claims and defenses of the matter. A settlement evaluation can be made after completion of written discovery, and the preparation for case dispositive motions can occur after the completion of all depositions. Preparation for trial can take place after decision on dispositive motions.</u>

10. **Discovery of Electronically Stored Information.** The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ☑ Yes

    ☐ No

    i. The parties have electronically stored information in the following formats:
    <u>Document production will be made electronically with pages consecutively Bates-stamped for purposes of identification. The parties agree to avoid document production in hard copy form to the extent feasible.</u>

    ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:
    <u>None anticipated.</u>

11. **Claims of Privilege or Protection.** The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ☑ Yes

    ☐ No

      **i.**      The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

<u>The parties will assert the attorney-client privilege as appropriate</u>

      **ii.** Have the parties agreed on a procedure to assert such claims

      AFTER production?

      ☑ No
      ☐ Yes

      ☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**D.**     <u>**LIMITATIONS ON DISCOVERY**</u>

1. Change in the limitations on discovery

    ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____

    ☐ Increase the number of depositions (currently 10) permitted to

    ☐ Increase the number of interrogatories (currently 25) permitted to

☑ None.

**E.**     <u>**PROTECTIVE ORDER**</u>

    ☑ A protective order will be submitted to the Court on or before

August 30, 2024

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.** **SETTLEMENT**

A settlement demand ☐ has or ☑ has not been made.

A response to the demand ☐ has or ☐ has not been made.

A demand can be made by after completion of relevant discovery.

A response can be made by within a reasonable time period.

**G.** **MOTION DEADLINES**

1. Motion to amend the pleadings and/ or add parties by August 9, 2024.
2. Motions related to the pleadings by August 9, 2024.
3. Dispositive motions by April 11, 2025.

**H.** **OTHER MATTERS:**

None.

Signatures:

*/s/ Marc D. Mezibov* (per 6/14/24 email authorization)
Marc D. Mezibov
MEZIBOV BUTLER
615 Elsmore Place, Suite 105
Cincinnati, OH 45202
mmezibov@mezibov.com
*Attorney for Plaintiff*

*/s/ Michelle A. Cheek*
Colleen M. Blandford (0061877)
Michelle A. Cheek (0086476)
Kohnen & Patton LLP
201 East Fifth Street, Suite 800
Cincinnati, OH 45202-4190
Phone: (513) 381-0656
Fax: (513) 381-5823
cblandford@kplaw.com
mcheek@kplaw.com
*Attorneys for Defendant Xavier University*

*/s/ Dominic A. Capano* (per 6/14/24 email authorization)
Dominic A. Capano (99083)
GATLIN VOELKER, PLLC
50 E. Rivercenter Blvd., Suite 1275
Covington, KY 41011
(859) 781-9100 p
dcapano@gatlinvoelker.com
*Attorney for Defendant Eva Witt*

*/s/ Felix J. Gora* (per 6/14/24 email authorization)
Felix J. Gora (009970)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: 513 381 9200
Facsimile: 513 381 9206
FGora@Rendigs.com
*Attorney for Defendant Kelly Phelps*