IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BRUCE ERIKSON, | : | Case No. 1:23-cv-66 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| XAVIER UNIVERSITY, et al., | : | |
| Defendants. | : | |

### ORDER AND OPINION

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Order Granting Defendant Witt's Motion for Protective Order and Denying Plaintiff's Motion to Conduct an In Camera Review (Doc. 39). Defendant Witt filed a Response in Opposition (Doc. 40), to which Plaintiff filed a Reply in Support (Doc. 41). This matter is therefore ripe for the Court's review. For the following reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 39) and **ADOPTS** the Magistrate Judge's Order (Doc. 38).

### BACKGROUND

This lawsuit stems from what Plaintiff Bruce Erikson, a former Xavier University professor, alleges to be defamatory statements made by Defendant Eva Marie Witt—one of his former students. (Compl., Doc. 1, ¶¶ 1, 12.) Specifically, Plaintiff alleges that Defendant Witt made defamatory statements that Plaintiff had raped her in December 2019. (*Id.* at ¶¶ 13-14.) Plaintiff alleges that he "vehemently denied [Defendant] Witt's false allegation." (*Id.* at ¶ 16.) In October 2022, Defendant Xavier University terminated

Plaintiff after allegedly concluding that he was responsible for raping Defendant Witt. (*Id.* at ¶¶ 6, 21.) On February 3, 2023, Plaintiff initiated this lawsuit by bringing claims for defamation, gender discrimination, breach of contract, and public disclosure of private facts. (*Id.* at ¶¶ 24-42.)

This matter has since proceeded to discovery. On August 5, 2025, Defendant Witt moved for a protective order to prevent the compelled disclosure of psychiatric records relating to her hospitalization in February 2019. (Motion for Protective Order, Doc. 36.) Specifically, Defendant Witt maintained that Plaintiff's discovery request is barred by the psychotherapist-patient privilege and is irrelevant to the case. (*Id.* at Pg. ID 348.) Defendant Witt also argued that, while in camera review is not appropriate, it would be a preferable alternative to full production of the materials. (*Id.* at Pg. ID 354-55.)

The Court referred the discovery dispute regarding the protective order to Magistrate Judge Stephanie K. Bowman. (8/21/2025 Notation Order.) After hearing arguments from the parties, the Magistrate Judge granted Defendant Witt's Motion for Protective Order and determined that Defendant Witt "need produce no additional information or documents relating to her February 2019 hospital admission." (Order, Doc. 38, Pg. ID 371.) On September 22, 2025, Plaintiff filed timely Objections (Doc. 39) concerning the Magistrate Judge's decision to not conduct an in camera review of the documents in question.

## LAW AND ANALYSIS

When a party files timely objections to a magistrate judge's nondispositive order, such as a discovery ruling, the district court "must consider [the] timely objections and

2

modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Brahmamdam v. TriHealth, Inc.*, No. 1:19-CV-152, 2021 WL 4260418, at *1 (S.D. Ohio Sept. 20, 2021). "A decision is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed,' or where the magistrate judge improperly applies the law or employs an erroneous legal standard." *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611, 615 (E.D. Mich. 2024) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004)).

As a preliminary matter, the Court addresses Plaintiff's Reply in Support of his Objections (Doc. 41). Federal Rule of Civil Procedure 72 "does not contemplate a reply memorandum by the objecting party," so this is not a proper filing. *Gimbrone v. Krisher*, No. 2:12-CV-251, 2012 WL 4792396, at *8 (S.D. Ohio Oct. 9, 2012) (collecting cases); *see also JS Prods., Inc. v. Standley L. Grp., LLP*, No. 09-CV-311, 2010 WL 3604827, at *2 (S.D. Ohio Sept. 13, 2010), *aff'd*, 418 F. App'x 924 (Fed. Cir. 2011). However, even if it were, the Court concludes that it would not alter the following analysis.

Plaintiff objects that the Magistrate Judge erred by declining to order a judicial review of Defendant Witt's hospitalization records. (Objections, Doc. 39, Pg. ID 375.) Specifically, the Magistrate Judge concluded that "[a]n in camera review is not appropriate here . . . because none of the requested documents appear relevant and Defendant Witt has not waived the psychotherapist-patient privilege for *any* of the records." (Order, Doc. 38, Pg. ID 368.)

3

The Federal Rules of Civil Procedure outline the general scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). That being said, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The Supreme Court has recognized that "a psychotherapist privilege covers confidential communications made to licensed psychiatrists and psychologists . . . in the course of diagnosis and treatment." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). At times, district courts may review potentially privileged documents in camera to determine whether they are privileged or discoverable. *See MD Auto Grp., LLC v. Nissan N. Am., Inc.*, No. 1:21-CV-1584, 2023 WL 4181295, at *1 (N.D. Ohio June 26, 2023) (citing *Zolin v. United States*, 491 U.S. 554, 565 (1994)). In camera review, however, is not a matter of right in this context. A party seeking in camera review must first demonstrate "a reasonable probability that [the documents] contain relevant evidence" and then "make a factual showing adequate to support a good faith belief that the review will uncover unprivileged documents." *Shah v. Metro. Life Ins. Co.*, No. 2:16-CV-1124, 2017 WL 5149145, at *2 (S.D. Ohio Oct. 19, 2017) (quotations omitted). Though the movant's burden is not a

4

"stringent one," courts must guard against "groundless fishing expeditions." *Zolin*, 491 U.S. at 571-72.

Assuming a movant overcomes these initial hurdles, the "decision whether to engage in in camera review rests in the sound discretion of the district court." *Zolin*, 491 U.S. at 572. The Supreme Court instructs for this discretion to be guided by "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the [privilege does not] apply." *Id.*

As mentioned, Plaintiff takes issue with the Magistrate Judge's determination that the prerequisite showing of relevancy was not satisfied. (Reply, Doc. 41, Pg. ID 391-92.) Plaintiff specifically objects that Defendant Witt's medical records "appear[] to be related to issues surrounding her response to situations involving her sexual relationships and her emotional reaction to those situations." (Objections, Doc. 39, Pg. ID 376.) Defendant Witt responds that Plaintiff offers "no new legal theory or factual basis that would distinguish this case from the Magistrate Judge's prior analysis." (Response, Doc. 40, Pg. ID 387.) It is unclear to this Court whether Plaintiff presented these arguments to the Magistrate Judge. In any event, the Court does not find Plaintiff's objections convincing.

The Court agrees with the Magistrate Judge's finding that Plaintiff fails to meet the threshold burden: "a reasonable probability that [the documents] contain relevant evidence" and a "factual showing adequate to support a good faith belief that the review

5

will uncover unprivileged documents." *Shah*, 2017 WL 5149145, at *2 (quotations omitted). Notably, the Magistrate Judge found that the "passage of time between [Defendant] Witt's release from treatment and any events connected with this case" demonstrates that "Plaintiff's showing of relevance [is] extremely weak, if not non-existent." (Order, Doc. 38, Pg. ID 365.) Chronologically, Defendant Witt received treatment around three years before she allegedly made the defamatory statement in question. (*Id.*) It is also noteworthy that the alleged sexual encounter between Plaintiff and Defendant Witt took place nearly ten months after Defendant Witt's hospitalization. (*Id.*) Plaintiff does not contest this timeline or directly wrestle with this temporally based reasoning. Given the timing of Defendant Witt's treatment in relation to the events alleged in this case, the Court agrees with the Magistrate Judge's assessment that this cuts against a finding of relevance at this juncture to warrant in camera review.

Plaintiff's argument as to relevance is also couched in speculative terms. For instance, Plaintiff objects that Defendant Witt's hospitalization "appears to be related" to her response to prior sexual relationships. (Objections, Doc. 39, Pg. ID 376.) In camera review, however, is not an opportunity for district courts to cast their nets and partake in "groundless fishing expeditions." *Zolin*, 491 U.S. at 571; *see also Roby v. Bloom Roofing Sys.*, 343 F.R.D. 487, 491 (E.D. Mich. 2023); *Brahmamdam v. Trihealth Inc.*, No. 1:19-CV-152, 2021 WL 2555066, at *4 (S.D. Ohio June 22, 2021), *objections overruled*, No. 1:19-CV-152, 2021 WL 4260418 (S.D. Ohio Sept. 20, 2021).

The District Court for the Eastern District of Michigan's decision in *United States v. Sampson*, albeit framed in a slightly different setting, persuasively supports this

6

conclusion. No. 2:21-CR-20732, 2024 WL 180849 (E.D. Mich. Jan. 17, 2024), *aff'd,* No. 24-1614, 2025 WL 1591846 (6th Cir. June 5, 2025). There, the district court declined to review an alleged victim's mental health records since the movant's "only basis for requesting th[e] records [was] a broad generalization that a person's mental health may be relevant to her credibility." *Id.* at *3. In doing so, the court concluded that allowing in camera review on such a speculative and vague basis would eviscerate the proper guardrails imposed by precedent. *Id.* at *4. "Instead, a defendant would only need to state that a victim-witness had sought mental health treatment before the entirety of a victim's psychotherapist records were subject to *in-camera* review." *Id.* The Magistrate Judge appropriately shared similar concerns in the case at hand. (Order, Doc. 38, Pg. ID 366.)

Moreover, as the movant, Plaintiff is tasked with making "a factual showing adequate to support a good faith belief that the review will uncover unprivileged documents." *Shah*, 2017 WL 5149145, at *2 (quotation omitted). The Court therefore considers whether Plaintiff has adequately shown how in camera review may reveal information beyond the contours of the psychotherapist-patient privilege. As the Sixth Circuit has recognized, "the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege." *Griffin v. Sanders*, 914 F. Supp. 2d 864, 867 (E.D. Mich. 2012) (quoting *In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983)); *see also* Ohio Rev. Code § 4732.19. Here, as evidenced by the briefing itself, Plaintiff is well aware of the fact that Defendant Witt received mental health treatment in February 2019.

7

With this information in hand, Plaintiff argues that more disclosure is necessary. Plaintiff contends that purported messages from Defendant Witt "suggest that there *may* be non-privileged information in hospital records that is material to the credibility of Ms. Witt's claims that her participation in those sexual activities were the result of her incapacitation due to alcohol or psychological coercion." (Objections, Doc. 39, Pg. ID 376 (emphasis added).) However, the alleged messages were sent around the time of the alleged sexual acts between Plaintiff and Defendant Witt—well after Defendant Witt's hospitalization. (*Id.* at Pg. ID 374.) It is unclear to the Court how such messages form a sufficient nexus to the prior mental health records—let alone any unprivileged documents. *See Second Ave Museum, LLC v. RDN Heritage, LLC*, No. 3:20-CV-67, 2021 WL 5154210, at *8 (M.D. Tenn. Feb. 16, 2021) (explaining that the movant had failed to show how the contents of disputed material may confirm that the privilege was inapplicable). Accordingly, on this record, the Court does not find that Plaintiff has made a sufficient factual showing to support a good faith belief that in camera review will reveal unprivileged documents. As the Magistrate Judge aptly concluded, "Plaintiff [has] failed to identify . . . any additional and specific nonprivileged responsive records he seeks that would be 'relevant' to the allegedly 'material' issue of [Defendant] Witt's credibility and therefore discoverable." (Order, Doc. 38, Pg. ID 368.)

For all these reasons, the Court finds that Plaintiff has not satisfied the threshold showing for in camera review. Additionally, even assuming that Plaintiff surmounts this initial burden, "the facts and circumstances of the particular case" do not support such review under the discretionary *Zolin* factors. *Zolin*, 491 U.S. at 572. First, Defendant Witt

8

has represented to the Court that the medical files are "extensive." (Response, Doc. 40, Pg. ID 387.) Though Plaintiff "does not believe they are voluminous," he acknowledges that "he has not seen the records." (Objections, Doc. 39, Pg. ID 376.) As for the "relative importance to the case of the alleged privileged information," Plaintiff argues that this factor is met because it goes to the credibility of Xavier University's only witness as to the essential claim. (Reply, Doc. 41, Pg. ID 392.) But, as explained, the significant lapse in time between the hospitalization and the events in question casts doubt on the importance of the information sought. Finally, Plaintiff's previous arguments do not evince a "likelihood that the evidence produced through in camera review, together with other available evidence . . . , will establish that the [privilege does not] apply." *Zolin*, 491 U.S. at 572. Together, these considerations weigh against in camera review.

## CONCLUSION

For all these reasons, and pursuant to Federal Rule of Civil Procedure 72(a), the Court does not find in camera review appropriate in this particular situation. Plaintiff's Objections (Doc. 39) are therefore **OVERRULED**. The Magistrate Judge's Order (Doc. 38) is hereby **ADOPTED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND